IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PEDRO YBARRA | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv267 |
| JODY UPTON | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE Magistrate Judge'S REPORT AND RECOMMENDATION

Petitioner Pedro Ybarra, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

Petitioner objects to this action being construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. However, the Magistrate Judge properly treated the petition as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 under the savings clause provided for in § 2255. As the Magistrate Judge correctly observed, this court is without jurisdiction

to entertain a motion to vacate sentence because petitioner was convicted in the United States District Court for the Western District of Texas.

Petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). A claim of actual innocence of a career-offender enhancement is not a claim of actual innocence of the crime of conviction. *See Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Thus, this petition should be dismissed.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **29** day of **July, 2011.**

_____
Ron Clark, United States District Judge